# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-2378
_____

LOUIS DEL FAVERO ORCHIDS,
INC.,

     Appellant,

     v.

FLORIDA DEPARTMENT OF
HEALTH, OFFICE OF MEDICAL
MARIJUANA USE, COURTNEY
COPPOLA, in her official capacity
as Director of the Office of
Medical Marijuana Use, and
JOSEPH A. LADAPO, in his official
capacity as the State Surgeon
General and Secretary of the
Department of Health,

     Appellees.

_____

On appeal from the Circuit Court for Leon County.
J. Layne Smith, Judge.

September 7, 2022

PER CURIAM.

Appellant seeks review of a trial court order granting Appellees' motion to dismiss Appellant's complaint.  In its complaint, Appellant demanded Appellees, the Florida

Department of Health (Department), issue them a Medical Marijuana Treatment Center (MMTC) license under the default licensure mechanism in section 120.60(1), Florida Statutes (2019). Section 120.60(1) is a general statute that applies to all state agencies. It states "[a]n application for a license must be approved or denied within 90 days after receipt of a completed application" or the application is "considered approved." *Id.* The trial court denied relief because it found section 120.60(1) inapplicable to MMTC licenses as described in section 381.986. Because the trial court was right, we affirm.[*]

This Court considered the same issue presented here in *MedPure, LLC v. Dep't of Health*, 295 So. 3d 318 (Fla. 1st DCA 2020). The *MedPure* appellants sought an MMTC license under section 120.60(1)'s default licensure provision. This Court denied relief for several reasons:

> 1) the Department's rule [ ] put parties on notice that applications were not being accepted at that time; 2) the letters were not filed on an application form prepared by the Department; 3) the bare bones filing did not demonstrate compliance with the minimum licensure requirements; and 4) allowing the appellants to file for licenses during an undesignated period for filing would contravene the competitive structure for licensing contemplated in section 381.968, Florida Statutes (2019).

*Id.* at 322. Here, Appellant filed its application on an application form prepared by the Department and has invested significant resources into preparing and documenting its compliance with section 381.986's licensure requirements. But the two other problems, lack of an open application window and contravention of the competitive structure, remain and serve as independent bases for denying Appellant relief.

The Department's emergency rule has not been successfully challenged and carries the force of law. As we stated in *MedPure*, "[t]he Emergency Rule specifically provides that the Department would publish notice to the public of when it would begin accepting

---

[*] We deny Appellees' motion for attorney's fees.

applications, along with the deadline to submit applications for registration as an MMTC." *Id.* An application is not complete if it does not comply with all relevant regulations and procedures. And as we held in *MedPure*, section 120.68(1)'s default licensure provision does not apply to licenses based on need and of a limited number because doing so "would automatically exclude other applicants from consideration." *Id.* at 323.

Appellant has not distinguished its application from those considered in *MedPure*. We reaffirm that decision.

AFFIRMED.

WINOKUR and LONG, JJ., concur; BILBREY, J., specially concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

BILBREY, J., specially concurring.

I concur in the majority opinion. Appellant is understandably frustrated with the ongoing failure of the Department of Health to open the application window and issue Medical Marijuana Treatment Center licenses as required by the Florida Constitution.[*] *See* Art. X, § 29(d), Fla. Const. The emergency rule referenced in the majority opinion and in *MedPure, LLC v.*

---

[*] Appellants are not the only potential MMTC licensees frustrated by the delay. *See* Black Farmers Feel Left Out of Medical Marijuana System, https://www.usnews.com/news/best-states/florida/articles/2022-08-07/black-farmers-feel-left-out-of-medical-marijuana-system (last visited Aug. 11, 2022). The article asserts that the delay in issuing licenses to other MMTCs has allowed three MMTCs to control two-thirds of the Florida medical marijuana market.

*Department of Health*, 295 So. 3d 318, 321 (Fla. 1st DCA 2020), was issued on September 19, 2017. *See* Fla. Admin. Code R. 64ER17-2. Almost five years after the emergency rule was issued, the MMTC license application window remains closed.

At oral argument in *MedPure* in March 2020, the Department's counsel at the time was asked when the MMTC license application window would be opened. *See* https://www.1dca.org/Oral-Arguments/Oral-Argument-Video-Archives, 19-2736 (last visited Aug. 11, 2022). The panel hearing the argument was told that the issues in a different case, *Florida Department of Health v. Florigrown, LLC*, 317 So. 3d 1101 (Fla. 2021), then pending at the Florida Supreme Court, were the reason for the delay in allowing applications. The *MedPure* court was further told that the Department wanted to open the application window and that the Department was preparing for what would happen after *Florigrown* was decided. But the *Florigrown* case was resolved over a year ago, and the MMTC license application window remains closed.

We are correct to decline Appellant's demand to open the application window and provide it a MMTC license. To grant Appellant default licensure would undermine the "competitive process" discussed in *MedPure*. 295 So. 3d at 323–24. But, as the Department conceded during oral argument in *MedPure*, aggrieved potential MMTC licensees are not without a remedy if the Department refuses to comply with its duties under the Florida Constitution. *See* Art. X, § 29(d)(3), Fla. Const; *see also MedPure*, 295 So. 3d at 324. I respectfully suggest that the Department comply with its representations at the *MedPure* oral argument — either open the application window referenced in the emergency rule or promulgate a superseding rule allowing for MMTC license applications. Otherwise, it may be necessary for a potential licensee to "seek judicial relief to compel compliance with the Department's constitutional duties." Art. X, § 29(d)(3), Fla. Const.

---

Seann M. Frazier and Kristen Bond Dobson of Parker, Hudson, Rainer & Dobbs, LLP, Tallahassee, for Appellant.

Jason Gonzalez and Amber Stoner Nunnally of Shutts & Bowen LLP, Tallahassee; and John Wilson, General Counsel, and Michael J. Williams, Chief Legal Counsel, Office of the General Counsel, Florida Department of Health, Tallahassee, for Appellees.